IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERT J. BRUMFIELD, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No.  20-1404 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 17 and 23).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 18 and 24).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 17) and granting Defendant's Motion for Summary Judgment. (ECF No. 23).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act.  Plaintiff filed his application on October 2, 2018.  (ECF No. 12-3, p. 16).  Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on December 12, 2019.  (ECF No. 12-2, pp. 29-60).  On January 24, 2020, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 12-2, pp. 13-24).

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 17 and 23). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Step 2 - Severe Impairment**

Plaintiff argues that the ALJ erred when he did not find his low back impairment to be severe. (ECF No. 18, pp. 9-12). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* An impairment is

3

not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §§416.920(c), 416.921(a), 416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Typically, when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step 2. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). Rather, the ALJ proceeds beyond step 2. In so doing, an ALJ makes an RFC determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will consider a plaintiff's severe and non-severe determinable impairments in the evaluation process in determining a plaintiff's RCF.

In this case, the ALJ did not discuss Plaintiff's low back pain at step two. (ECF No. 12-2, p. 15). Regardless, the ALJ found other impairments to be severe and proceeded to the next steps. (ECF No. 12-2, pp. 15-224). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. Furthermore, as Plaintiff points out, the ALJ acknowledged and considered his back pain throughout the sequential evaluation process. (ECF No. 18, pp. 10-11; ECF No. 12-2, pp. 17-23). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).[2]

---

[2]Plaintiff concludes that if his low back pain was found to be severe, "it would have impacted the residual

**C.     Opinion of Treating Physician and Consultative Examiner**

Plaintiff next argues that the ALJ erred by improperly disregarding the medical opinions of Dr. Glynn, his treating psychologist, and the consultative examiner, Ms. Davis.  (ECF No. 18, pp. 12-14).   First, Plaintiff cites to the treating physician doctrine and asserts that ALJ improperly rejected Dr. Glynn's opinions because, as the treating physician, Dr. Glynn "was in the best position to give an opinion regarding Plaintiff's limitations as it related to his ability to work."   (ECF No. 18, p. 13).   Plaintiff's application was filed in October of 2018. For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to the evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c.   Thus, Plaintiff's reliance on the treating physician's doctrine is misplaced.

Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source."   *Id.* at §§404.1520c(a); 416.920c(a).   For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b).   In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as

---

functional capacity finding to an extent as to preclude light work."   (ECF No. 18, p. 11).   This statement is conclusory, at best.   Just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").   Further, I note that a plaintiff need not be pain free or symptom free to be found not disabled. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity.   *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).

well as whether new evidence received after the opinion makes the opinion more or less persuasive.  *Id.* at §§404.1520c(c); 416.920c(c).  "The most important factors" are supportability[3] and consistency.[4]  *Id.* at §§404.1520c(a); 416.920c(a).  Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(2); 416.920c(b)(2).  When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors.  *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).  Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.  *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).  Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources in accordance with the above requirements.  *Id.* at §§404.1520c(d); 416.920c(d).

As set forth above, an ALJ's rejection of a treating doctor's opinion is not improper simply because the doctor was a treating physician.  In this case, after a review, I find the ALJ applied the appropriate standard to the opinion of Dr. Glynn, as well as all other opinion evidence.  (ECF No. 12-2, pp. 13-24).  Therefore, I find no merit to the argument that the ALJ erred for failing to give the opinions of Dr. Glynn great weight because he was Plaintiff's treating physician.

---

[3] With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4] With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

With regard to the opinion of Ms. Davis, Plaintiff appears to assert in one sentence that the ALJ erred by failing to discuss Ms. Davis's opinion regarding standing and walking.  (ECF No. 18, pp. 13-14).   After a review of the decision as a whole, I disagree.   In compliance with the new regulations, the ALJ properly discussed Dr. Davis' opinion, including standing and walking, in terms of supportability and consistency.  (ECF No. 12-2, pp. 21-22).   Thus, I find no merit to this argument.

D.     **Residual Functional Capacity ("RFC")**[5]

Plaintiff also submits that the ALJ improperly determined his RFC.   (ECF No. 18, pp. 14-17).   To that end, Plaintiff specifically argues that there is substantial evidence to support his position that he is not able to perform the work set forth in the ALJ's RFC finding.   *Id.*   To be clear, the standard is not whether there is evidence to establish Plaintiff's position.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).   If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.   *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).   Thus, the question before me is whether substantial evidence supports the ALJ's findings.   *Allen,* 881 F.2d

---

[5] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. *Id.*

7

at 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is entirely misplaced and insufficient to place the issue before me.[6]

### E. <u>Vocational Expert</u>

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 18, pp. 17-18). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 12-2, pp. 13-24; No. 12-2, pp. 53-56). Consequently, I find no error in this regard.

### F. <u>Subjective Complaints of Pain</u>

Finally, Plaintiff argues that the ALJ erred by failing to "show any rational basis for discounting Plaintiff's testimony" related to his complaints of pain. (ECF No. 18, pp. 18-19). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment,

---

[6]In this case, I note that the ALJ found Plaintiff had work-related functional limitations, just not to the extent alleged by Plaintiff.

other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. §§404.1529(c), 416.929(c).  The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented.  *Id.*  I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff's argument in this regard is basically that the evidence supports his testimony regarding his pain, diarrhea, and constipation, and those statements were "entitled to great weight."   (ECF No. 18, p. 19).   Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Thus, the support for Plaintiff's argument is completely misplaced.

One sentence in this section generically states that the ALJ did not show any rational basis for discounting Plaintiff's testimony.  (ECF No. 18, pp. 18-19).  After a review of the record, I find that the ALJ followed the proper method as set forth above.  (ECF No. 12-2, pp. 13-24).  For example, the ALJ considered Plaintiff's statements and found them to be "not entirely consistent with the medical evidence and other evidence in the record."  (ECF No. 12-2, p. 18). Specifically, the ALJ compared Plaintiff's statements to the medical evidence of record, the treatment records, objective tests, the opinion evidence, Plaintiff's work history, and Plaintiff's activities of daily living.  (ECF No. 12-2, pp. 18-23).  Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision that Plaintiff's statements were not

9

entirely consistent with the medical evidence and other evidence in the record.   Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERT J. BRUMFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.   20-1404 |
| ) | |
| KILOLO KIJAKAZI,[7] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 6th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 17) is denied and Defendant's Motion for Summary Judgment (ECF No. 23) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[7] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

11